IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JAMAL M. CEASAR, | * | |
| Petitioner | * | |
| v | * | Civil Action No. PX-18-3714 |
| UNITED STATES | * | |
| Respondent | * | |
| | *** | |

**<u>MEMORANDUM OPINION</u>**

Pending is Respondent's Motion to Dismiss Jamal Ceasar's Petition to lift a federal warrant lodged as a detainer against him by the United States Parole Commission for violating the terms of his supervised release[1] so that he may enter a state substance abuse treatment program. Ceasar also asks to be resentenced to six years or time served.[2] ECF No. 1-2 at 4; ECF No. 7. The United States has responded and Caesar has replied. ECF Nos. 8, 9. The Court has reviewed the pleadings and determines that a hearing is not necessary. Local Rule 105.6 (D. Md.2018). For the reasons to follow, the Motion to Dismiss will be granted.

**I.     Background**

On May 11, 2007, Ceasar was sentenced in the Superior Court of the District of Columbia to 60 months of imprisonment to be followed by five years of supervised release. *See* Case No. 2006 CF3 15558, ECF No. 7-1; ECF No. 7-2 at 1. He was released from confinement on December 2, 2010, to begin his five-year term of supervised release. ECF No. 7-2 at 1, 2.

---

[1] The D.C. Code confers jurisdiction to the U.S. Parole Commission over an offender serving a term of supervised release imposed by the Superior Court. D.C. Code. § 24–403.01(b)(6) ("Offenders on supervised release shall be subject to the authority of the [USPC] until completion of the term of supervised release."); *see Foster v. Wainwright*, 820 F.Supp.2d 36, 38–39 (D.D.C.2011). The USPC may impose, modify or add to conditions of supervised release. *See, e.g., Taylor v. U.S. Parole Comm'n*, 860 F.Supp.2d 13, 15 (D.D.C.2012); *Denson v. United States*, 918 A.2d 1193, 1195 (D.C. 2006); *see also* 28 C.F.R. §§ 2.204, 2.218(a).
[2] Ceasar requests a hearing for "final disposition" of his federal "probation" violation. ECF No. 1 at 3; ECF No. 1-2.

In 2013, while still on supervised release for the D.C. case, Ceasar was charged in the Circuit Court for Prince George's County, Maryland with robbery, conspiracy to commit armed robbery, first degree assault, second degree assault, use of a handgun in a crime of violence, theft, and other offenses. *See* Criminal Case CT130807B (Prince George's Cty.); http://www.marylandcase.org. (viewed Dec. 16, 2019).

On December 16, 2013, the United States Parole Commission (USPC) requested a warrant for Ceasar's arrest, alleging that Petitioner violated the terms of his D.C. supervised release by committing armed robbery, use of a firearm by a felon, theft of less than $10,000, first degree burglary, first degree assault and other violations. ECF Nos. 7-3, 7-4. The warrant was lodged as a detainer against Ceasar while he awaited trial in Prince George's County. ECF No. 7-4.

On April 2, 2014, after trial in Prince George's County Circuit Court, Ceasar was found guilty of robbery, conspiracy to commit armed robbery, and theft under $1,000. Criminal Case CT130807Bl (Prince George's Cty. September 12, 2014); http://www.marylandcase.org.[3] On April 26, 2014, the Circuit Court ordered the Maryland Department of Health to evaluate Ceasar under Md. Code Health, General, Article 8-505 *Id*; *see also* ECF No. 2-2 at 1.

On September 12, 2014, the Circuit court sentenced Ceasar on his robbery conviction (Count 2) for a period of 10 years, all but 5 years suspended. His sentence for theft less than $1,000 (Count 8) merged with the robbery at Count 2. On the second count of robbery (Count 10), the court sentenced Caesar to 10 years served consecutively to Count 2, all but 5 years suspended. His sentence for theft of property or services (Count 15) merged with Count 10. As for conspiracy to commit armed robbery (Count 22), the court sentenced Caesar to 15 years, all but 10 years

---

[3] On December 6, 2019, the Circuit court modified Ceasar's sentence. *See* Criminal Case CT130807B (Prince George's Cty.); http://www.marylandcase.org. (viewed December 16, 2019). The modification is not relevant to the Court's determination.

suspended, to be served consecutive to Counts 2 and 10. Additionally, he was sentenced to five-years' supervised probation. *See* http://www.marylandcase.org. On August 23, 2018, Prince George's County Circuit Court approved Ceasar for treatment in a Maryland Department of Health facility upon availability of a bed. ECF No. 2-3. CT130807Bl; http://www.marylandcase.org.

On February 22, 2019, the USPC supplemented the arrest warrant to reflect that Ceasar was convicted of the offenses noted in the December 16, 2013 warrant. ECF No. 7-5. The USPC conducted a dispositional review of the detainer in accordance with 28 C.F.R. § 2.213(b)[4] and on February 25, 2019, declined to withdraw the detainer. ECF No. 7-5; ECF No. 7-6.

## II.     Standard of Review

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the sufficiency of the complaint. *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006). A complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 n.3 (2007). The complaint must do more than provide "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266,

---

[4] Under 28 C.F.R. § 2.213(b), the Parole Commission "shall review the detainer upon request of the prisoner pursuant to the procedure set forth in [28 C.F.R. § 2.47(a) (2 ]." After the request is made by the subject of the detainer, the Parole Commission has the option to:

> (1) Withdraw the detainer and order reinstatement of the prisoner to supervision upon release from custody; (2) Order a dispositional revocation hearing to be conducted at the institution in which the prisoner is confined; or (3) Let the detainer stand until the new sentence is completed. Following the execution of the Commission's warrant, and the transfer of the prisoner to an appropriate federal facility, an institutional revocation hearing shall be conducted.

28 C.F.R. § 2.213(b).

268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.,* 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). Although a court should construe pleadings of self-represented litigants liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007), legal conclusions or conclusory statements do not suffice, *Iqbal*, 556 U.S. at 678.

## III. Discussion

Ceasar requests that either the federal detainer against him be resolved or that he be permitted to enter the drug treatment program for which he was approved. ECF No. 1-2 at 4. He also seeks credit for time served since December 16, 2013 and a hearing. *Id.* In his Reply, Caesar also maintains that he has been denied classification as a minimum security inmate and consideration for certain prison jobs and housing due to the USPC detainer. ECF No. 8 at 9.

More particularly as to the detainer, Caesar asserts that sometime in 2014, he filed "an interstate agreement form" asking for disposition but never received a reply.[5] ECF No. 4 at 2-3 ¶ 3. Caesar further asserts that in November 2014, "for some reason or the other, Petitioner's VOP detainer was lifted, and he was reclassified to a 'lower security' and [sic] made him more eligible for lower security jobs." ECF No. 4 at 3 ¶4; ECF No. 8 at 2-3 ¶4. During this time, contends Caesar, the detainer was "lifted" to avoid the parties "hardship," and he became eligible for a drug treatment program for which he had a scheduled entry date until USPC supplemented the arrest warrant and the detainer was relodged. ECF No. 4 at 3 ¶ 4, 8; ECF No. 8 at 3 ¶4. Caesar argues that the relodging of the detainer was "deceitful" and violated his right to due process under the Fourteenth Amendment to the United States Constitution. ECF No. 8 at 4-5. Ceasar

---

[5] The Interstate Agreement for Detainers Act applies to new criminal charges pending against a prisoner and excludes probation and parole violation charges. *Carchman v. Nash*, 473 U.S. 716, 726 (1985).

4

acknowledges, however, that "the warrant issued on December 16, 2013, was never dismissed." ECF No. 8 at 5.

Respondents assert the Petition should be dismissed because USPC is within its authority to place the warrant as a detainer and delay Ceasar's revocation hearing until after he completes his new Maryland sentences. They argue Ceasar has stated no viable due process claim because the adverse consequences he alleges, do not give rise to a liberty interest.

The USPC maintains broad discretion to issue and execute such a warrant pending the disposition of a criminal charge. 18 U.S.C. § 4213(b). If a person on supervision with USPC is convicted of committing a new criminal offense and is serving a new prison sentence as a result, the USPC may lodge its warrant as a detainer, as was done in Ceasar's case. 18 U.S.C. § 4213(b)(1); *see also Moody v. Daggett*, 429 U.S. 78, (1976) (holding that parolee imprisoned for crime committed while on parole was not constitutionally entitled to prompt parole revocation hearing when the parole violator warrant was issued and lodged but not served).

The USPC also maintains discretion to decide when to initiate revocation proceedings, so that all relevant information is available to make its decision, or to decide to defer a final decision. *See* 18 U.S.C. § 4214(a)(1)(A)(I); *See Moody,* 429 U.S. at 87 (1976) (upholding USPC's decision to delay a revocation hearing until completion of the new sentence, which effectively runs the parole violator term consecutively to the new sentence); *Hicks v. U.S. Bd. Of Paroles and Pardons*, 550 F.2d 401, 403 (8th Cir. 1977) (finding there is no constitutional duty to hold a revocation hearing until a parolee is taken into custody on warrant); *Carmichael v. United States Parole Comm'n,* 109 F. Supp. 3d 169, 172 (D.D.C. 2015) (holding an inmate's "loss of liberty . . . [was] due to his Maryland state convictions . . . [and] [u]ntil the warrant is executed and he is in custody as a potential parole violator, neither due process . . . nor the USPC regulations, 28 C.F.R.

5

§ 2.215(f), require the USPC to make a prompt determination whether he violated his supervised release"). In this case, the USPC has determined that Ceasar will complete his Maryland sentence before its warrant lodged as a detainer is executed. ECF No. 7-6. Thus, to the extent Ceasar alleges that he is constitutionally entitled to a revocation hearing while he is incarcerated on the Maryland sentence, he fails to state a constitutional claim. *See Moody*, 429 U.S. at 86.

Ceasar's argument that he is entitled to credit for time served essentially amounts to a claim that he should serve the balance of his D.C. term concurrently with the Maryland sentence he is now serving. The USPC is authorized to determine whether a violation term runs concurrently consecutively to any new sentence imposed while on supervision. *See* 18 U.S.C. § 4210 (b)(2). The USPC bases this determination on an execution date for the warrant. *See Moody,* 429 U.S. at 97 (holding that the USPC has the authority to order concurrent or consecutive sentences under 18 U.S.C. § 4210(b)(2)).

A person sentenced for an offense committed while on supervised release or parole is not entitled to have the balance of the first sentence run concurrently with the new sentence. *See Tanner v. Moseley,* 441 F.2d 122, 123 (8th Cir. 1971) (holding that Parole Board had the authority to require the unexpired sentence to be served consecutive to the new sentence, despite court order to run new sentence concurrently with unexpired original sentence); *Staege v. United States Parole Comm'n*, 671 F.2d 266, 269 (8th Cir. 1982) (recognizing the USPC's authority to cause the parole violation term to run consecutively to a new state sentence); *Gaddy v. Michael*, 519 F.2d 669, 678 (4th Cir. 1975). Ceasar is in no different position. Thus, even accepting his averments as true, Caesar has failed to state a legally cognizable claim. The motion to dismiss must be granted.

A separate Order follows.

|         1/3/20          |              /S/                |
| Date | Paula Xinis |
| | United States District Judge |